**Marilyn MURPHY, Appellant,**

v.

**Reginald MURPHY, Appellee.**

**No. 5D16–189.**

District Court of Appeal of Florida, Fifth District.

Nov. 18, 2016.

Rehearing and Rehearing En Banc Denied Dec. 27, 2016.

Jeffrey A. Conner, Winter Garden, for Appellant.

No Appearance for Appellee.

EVANDER, J.

Marilyn Murphy appeals the trial court's final judgment dissolving her marriage to Reginald Murphy. There is no transcript of the trial proceedings, nor a statement of evidence.[1] Accordingly, although errors that appear on the face of the final judgment are reviewable on appeal, issues concerning evidentiary sufficiency are not. *Dennison v. Dennison*, 852 So.2d 422, 423 (Fla. 5th DCA 2003).

We conclude that there are two errors on the face of the final judgment that require reversal. First, the final judgment fails to address the parties' responsibility for healthcare expenses for the minor child that are not covered by health insurance. *See* § 61.13(b), Fla. Stat. (2015); *see also Harris v. Harris*, 114 So.3d 1095, 1096 (Fla. 2d DCA 2013) (holding that trial court's failure to address healthcare coverage for children and non-covered dental, medical, and prescription medication expenses required remand). Second, as reflected in paragraph twelve of the former wife's unsuccessful motion for rehearing, the child support calculations are in error. The final judgment is otherwise affirmed.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

PALMER and BERGER, JJ., concur.

---

1. *See* Florida Rule of Appellate Procedure 9.200(b)(4):

    (4) If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.